BRANNEN *et al. v.* RIGGS *et al.*

No. 6532. DECEMBER 14, 1928.

*J. L. Brown* and *Anderson & Jones,* for plaintiffs.

*Fred T. Lanier,* for defendants.

RUSSELL, C. J. The plaintiffs except to the refusal of the judge of the superior court to enjoin the levy of a fi. fa. which issued from the city court of Statesboro. It appears from the record that one Riggs brought an action to foreclose a lien for hauling certain lumber for the plaintiffs. The case was tried in the city court of Statesboro, and the plaintiff obtained a judgment for $700. A motion for a new trial was granted, because one of the jurors was shown to have been disqualified by reason of relationship to the plaintiff Riggs within the prohibited degree. Upon a second trial

the jury again rendered a verdict in favor of Riggs. Another motion for new trial was made by the defendants. This motion was dismissed by the judge of the city court, and the judgment of dismissal was affirmed by the Court of Appeals. The execution issued in favor of the plaintiff was then levied upon certain property of the defendants (the present plaintiffs). On the day before the sale was to be had, the petition for injunction was presented to Judge Strange of the Ogeechee Circuit, who issued a rule nisi, setting the case for a hearing, and passing a temporary restraining order until the hearing of the application for injunction. Upon that hearing the restraining order was revoked and an injunction was refused. It appears from the record that a juror on the second trial in the city court was related within the seventh degree to Fred T. Lanier, Esq., attorney for the plaintiff in the city court; and it is upon that ground that the prayer for injunction is based. It is alleged that Mr. Lanier was financially interested in the result of the suit, because he had accepted employment upon a contingent fee.

We fully recognize the principle that every litigant is entitled to an absolutely fair and impartial jury, omni exceptione majores, so frequently stated by this court that citation of authority is unnecessary. However, in the present case the question turns upon the issue whether the juror alleged to be related to plaintiff's counsel was in fact disqualified at the time of the trial. The contention of the plaintiffs is that at the time of the rendition of the verdict against them Mr. Lanier had a contingent fee of fifty per cent. in whatever might be the amount of the recovery. Upon this point there was evidence that at the time of the rendition of neither of the verdicts did Mr. Lanier have a contingent fee. Evidence was presented by the petitioners, to the effect that Lanier filed a claim to one half of the recovery as a fee for his services; and that the question was asked in open court, before the first trial, whether Mr. Lanier had a contingent fee, and that he stated in open court that he did not have a contingent fee. Had this testimony been without conflict or undisputed, there would be presented a question which is not now before us; for in that event the judge of the superior court might have granted an injunction. However, there was evidence per contra which fully authorized the court to render the judgment of which complaint is made. In the hearing of ap-

plications for interlocutory injunctions the court is the sole trior and the exclusive judge of the credibility of the witnesses and of the comparative weight to be attached to their testimony. The court had evidence that the question as to Mr. Lanier's financial interest in the case, by reason of his fee as an attorney being contingent, was never asked as averred by the petitioners' witnesses; that Lanier in fact had no contingent fee at the time of either trial; and therefore that the juror alleged to be disqualified was not in fact incompetent. The evidence as to the filing of the claim to a fifty per cent. interest in the recovery, which had been garnished by some of Riggs's creditors, was explained to the satisfaction of the court by the fact, as testified by Mr. Lanier, that at the time of the trial there had been no agreement as to the amount of the fee to be paid by his client, but it was understood and counsel himself expected only to charge an "ordinary fee." It was only after the case had been tried, and motions for new trial, ordinary and extraordinary, litigated, with review in the Court of Appeals, and the subsequent garnishment and application for injunction, that counsel and his client agreed that he should receive one half of the recovery. It does not appear how the fact that an agreement to pay one half of the final recovery subsequently to the jury trial could have tended to affect the judgment or conduct of the juror whose disqualification is attacked. From a careful review of the evidence we are satisfied that the judge was authorized to refuse an injunction; and the rule is well settled that the grant or refusal of an interlocutory injunction in cases where the evidence is in conflict will not be disturbed unless there is a manifest abuse of discretion. *Judgment affirmed. All the Justices concur.*

BECK, P. J., and ATKINSON and GILBERT, JJ., concur in the judgment.